NICOLAS CORONADA V. THE STATE OF TEXAS



NO. 07-05-0252-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL A



APRIL 17, 2006


 ______________________________



NICOLAS CORONADO, SR., APPELLANT



V.



THE STATE OF TEXAS, APPELLEE


_________________________________



FROM THE 106TH DISTRICT COURT OF LYNN COUNTY;



NO. 96-2317; HONORABLE CARTER T. SCHILDKNECHT, JUDGE


_______________________________




Before REAVIS and CAMPBELL and HANCOCK, JJ.

MEMORANDUM OPINION


 Appellant Nicolas Coronado, Sr. appeals from the trial court's determination to
proceed with adjudication and an assessment of 15 years confinement in the Texas
Department of Criminal Justice, Institutional Division. We dismiss for want of jurisdiction.

Factual and Procedural Background


 Appellant entered a plea of guilty to the charge of indecency with a child on July 31,
1996, and was placed on deferred adjudication for a period of ten years. No appeal was
taken from the initial plea. Subsequently, the terms and conditions of probation were
modified two times, eventually leading to the State filing an application to adjudicate the
appellant for violating the terms and conditions of probation on August 20, 2001. The State
filed two amended applications to adjudicate. The final application to adjudicate was filed
on March 7, 2005, alleging seven different violations of the Court's order regarding
community supervision. A hearing on the State's amended application was held on April
1, 2005, and appellant was adjudicated guilty of indecency with a child and sentenced to
15 years confinement.

 Appellant raises two issues on appeal. First, appellant argues that the trial court
abused its discretion by denying his motion for new trial. Second, appellant urges that the
evidence was insufficient to proceed to adjudication. We begin by addressing appellant's
second issue. 

Analysis


 Initially, we note that the determination to adjudicate the appellant is controlled by
article 42.12, section 5(b) of the Texas Code of Criminal Procedure wherein it is provided
that a defendant may not appeal from a trial court's determination to proceed with
adjudication of guilt. Tex. Code Crim. Proc. Ann. art. 42.12 § 5(b) (Vernon Supp. 2005);
Hogans v. State, 176 S.W.3d 829, 832 (Tex.Crim.App. 2005). Thus, consideration of
appellant's second issue, the sufficiency of the evidence to adjudicate, is foreclosed by
statute. We do not have jurisdiction to consider this matter and, therefore, nothing is
presented for our review. 

 As to appellant's first issue, the hearing on the State's amended application to
adjudicate, was a unitary hearing without a separate and distinct punishment hearing after
the adjudication of the appellant for the offense of indecency with a child. Accordingly, in
reviewing appellant's first issue, that the trial court abused its discretion in denying
appellant's motion for new trial, we must initially determine whether the allegations of abuse
of discretion are directed toward aspects of the punishment phase of the case, as those
may be appealed. See id. at 833. Appellant's motion for new trial is focused on the alleged
ineffective assistance of counsel and the reasons why appellant violated his probation. 
These are not allegations that directly and distinctly concern the sentence imposed and,
therefore, are not appealable. See id. at 834. Inasmuch as these allegations are not
appealable, the denial of a hearing on a motion for new trial alleging these matters is not
an abuse of discretion. Bahm v. State, 184 S.W.3d 792, 796-97 (Tex.App.-Beaumont
2006, pet. filed). Accordingly, we do not have jurisdiction to consider this matter and,
therefore, cannot review appellant's first issue.

Conclusion


 Having determined that we do not have jurisdiction over the matters raised, the
appeal is dismissed.


 Mackey K. Hancock

 Justice


Do not publish.